IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH,

CENTRAL DIVISON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>v.<br><br>DAMION TYSON FRAGA,<br><br>         Defendant. | **FINDINGS OF FACT AND CONCLUSIONS OF LAW ON APPLICATION OF USSG § 2K2.1(b)(6)(B) SENTENCING ENHANCEMENT**<br><br>Case No. 2:22-cr-00391-TC<br><br>District Judge Tena Campbell |

Defendant Damion Fraga pled guilty to one count of Felon in Possession of a Firearm and Ammunition in violation of 18 U.S.C. § 922(g)(1). He objects to the four-level sentencing enhancement in his Presentence Report (PSR) under USSG § 2K2.1(b)(6)(B) for using or possessing a firearm in connection with another felony offense. The court held an evidentiary hearing on the contested enhancement on December 20, 2023. For the reasons stated below, the government has presented enough evidence to support that Mr. Fraga used or possessed a firearm in connection with another felony offense. As a result, the court will apply the four-level enhancement when determining Mr. Fraga's guideline sentence.

## BACKGROUND

On October 19, 2022, a grand jury indicted Mr. Fraga for one count of a violation of 21 U.S.C. § 841(a)(1) (Possession of Cocaine Base with Intent to Distribute) (Count 1), one count of a violation of 18 U.S.C. § 924(c) (Using and Carrying a Firearm During and in Relation to a Drug Trafficking Crime) (Count 2), and one count of a violation of 18 U.S.C. § 922(g)(1) (Felon in Possession of a Firearm and Ammunition) (Count 3). (See Indictment, ECF No. 1 (listing

charges)).)  Mr. Fraga pled guilty to Count 3 on August 17, 2023.  (See Statement by Def. in Advance of Plea, ECF No. 34.)  Mr. Fraga's PSR was filed on November 3, 2023 (ECF No. 38), and the court set his sentencing for December 20, 2023.  (See Am. Notice of Hr'g, ECF No. 40).  In anticipation of sentencing, Mr. Fraga filed a memorandum objecting to the four-level enhancement for using or possessing a firearm in connection with another felony offense in his PSR.  (See Sentencing Mem., ECF No. 42 at 1.)  With the four-level enhancement, Mr. Fraga's offense level is 21.  (ECF No. 38 at 7.)  The guideline imprisonment range for an offense level of 21 and a criminal history category of III (see id. at 14 ("The total criminal history score is six … [which] establishes a criminal history category of III")) is 46 to 57 months.  (Id. at 20.)  Without the enhancement, Mr. Fraga's guideline imprisonment range would be 30 to 37 months.  See USSG Sentencing Table.  Rather than proceed with sentencing, counsel requested an evidentiary hearing to discuss the four-level enhancement.  (Min. Entry, ECF No. 43.)

       The court held the hearing on December 20, 2023.  (See id.; see Hr'g Tr., ECF No. 44.)  The government put on one witness— U.S. Department of Homeland Security Special Agent Zackery Rhinehart—and presented seven exhibits.  (See ECF No. 44 at 3:10–12, 4:6–9.)  Government Exhibit 1 included text messages between Mr. Fraga and undercover Officer Ben Sullivan dated October 19, 2022.  (See id. at 16:13–17:3.)  Exhibit 2 showed text conversations between Mr. Fraga and a cocaine dealer named Jesse Salas that took place from March 26, 2022, through May 8, 2022.  (See id. at 8:14–25, 9:4–7.)  Exhibits 3 through 7 were photos of items taken from Mr. Fraga's car on July 7, 2022, when the West Jordan Police Department arrested him. (ECF No. 38 at 1).  The items included "a bag of [baking soda] on a scale … weighing about 7.8 grams[,]" a scale, a firearm, a spoon with "some residue and some burnt charred

2

marking on it … consistent with turning powder cocaine into crack cocaine[,]" and bundles of cash. (See ECF No. 44 at 20:22–24:6 (explaining what photos showed).)

Mr. Fraga presented two witnesses at the hearing. (See id. at 2.) Patrick Adams received a licensed clinical social work degree and has experience working with people with substance abuse disorders. (Id. at 30:1–2, 30:16–31:20.) Angela Perez is Mr. Fraga's fiancée. (Id. at 36:23–25.) Mr. Fraga also presented the court with affidavits from Kevin Fraga—the defendant's uncle—and Ms. Perez. (Id. 4:15–23.)

The parties dispute whether the items found in Mr. Fraga's car on July 7, 2022, support that he was committing a felony offense, including drug trafficking or simple possession,[1] as the government argues. Mr. Fraga, relying on Mr. Adams's testimony, maintains that the items are consistent with someone who is using drugs, the act of which does not rise to a felony offense. (See ECF No. 44 at 33:4–5.) Ms. Perez testified that the firearm found in Mr. Fraga's car was hers, (see id. at 37:14–19), and that on July 7, 2022, she drove Mr. Fraga's car to work and left the firearm in the car's center console while she went to work. (See id. at 38:3–23.) Kevin Fraga's affidavit asserts that on or around July 7, 2022, Mr. Fraga was earning cash from completing odd jobs, including moving jobs. (See Def.'s Proposed Findings of Fact & Conclusions of Law, ECF No. 45 at 5.)

---

[1] The government argues that "18 U.S.C. § 844(a) provides for a 2-year penalty when a simple possession drug offense follows a conviction for another federal or state drug offense." The court believes the government meant to cite 21 U.S.C. § 844(a) (Penalties for Simple Possession). See 21 U.S.C. § 844(a) (making it unlawful for any person knowingly or intentionally to possess a controlled substance and providing that if any person "commits such offense after" prior federal and/or state convictions, "he shall be sentenced to a term of imprisonment for not less than 90 days but not more than 3 years"). This statute applies to Mr. Fraga, as he has at least two prior state convictions for drug offenses and one prior federal conviction charged under 21 U.S.C.§ 841(a)(1). (See ECF No. 38 at 9–13.)

After the hearing, both parties filed their proposed findings of fact and conclusions of law regarding the application of the enhancement. (See ECF No. 45; Government's Proposed Findings of Fact & Conclusions of Law, ECF No. 46.) At issue is whether the government has sufficiently established that Mr. Fraga used or possessed the firearm on July 7, 2022, in connection with another felony offense.

## FINDINGS OF FACT

The record establishes the following facts. The U.S. Department of Homeland Security was investigating a cocaine dealer—Mr. Salas—in the West Jordan area and arrested him for cocaine possession. (ECF No. 44 at 7:19–25.) After arresting him, law enforcement executed a warrant for his cell phone and found conversations between Mr. Salas and phone number 801-349-7841 that took place from March 26, 2022, through May 8, 2022. (Id. at 7:19–25, 9:4–7.) The phone number belonged to Mr. Fraga. (See id. at 8:1–9 (stating that law enforcement ran the phone number through a database and found it registered to Mr. Fraga).) Mr. Fraga had that phone and number when the West Jordan Police Department arrested him on July 7, 2022. (Id. at 8:9–13; ECF No. 38 at 5.)

Mr. Fraga and Mr. Salas exchanged many text messages in March and April 2022. Mr. Fraga sent Mr. Salas a text message on March 31, 2022, that said: "Okay. Let me know bro trying to link with you soon. I got a couple of people waiting." (ECF No. 44 at 10:14–16, 11:11–14.) Another message Mr. Fraga sent that day reads: "If I can get that now I got it gone homey, and I'll be needing another one tomorrow. But I need it soon, bro." (Id. at 11:1–3.) The same day, Mr. Fraga also sent Mr. Salas the following message at 11:45 p.m.: "Yeah, can you go now? I'll be there in 10. Don't want to lose what I have on the line Homey." (Id. at 11:24–12:1.) Special Agent Rhinehart interpreted these texts based on his training and experience

working on drug cases and investigations. (See id. at 10:17–21 ("[Fraga]'s trying to pick up more cocaine from Mr. Salas because he has customers, people waiting on him."); see also id. at 11:4–10 ("Just from my experience … he's saying, if I can get that now, meaning [Fraga]'s trying to pick up the narcotics now, because I got it gone Homey, meaning that he already has customers preordered that want this stuff. And he'll need another one tomorrow, so he'll need another pickup."); id. at 12:2–5 ("[H]e's trying to meet up with [Salas] so [Fraga] can resupply because, as [Fraga] says, he doesn't want to lose what he has on the line, so he doesn't want to lose the customers that are waiting on him.").) Crediting Special Agent Rhinehart's testimony, these text messages support that Mr. Fraga was buying drugs from Mr. Salas and planning to sell them to customers on or around March 31, 2022. Additional text messages exchanged between Mr. Fraga and Mr. Salas in April 2022 reveal that Mr. Fraga was attempting—in some instances, successfully—to meet with Mr. Salas to purchase drugs that he intended to sell to customers. (See id. at 12:7–12, 12:24–13:5, 13:18–25, 14:1–3, 14:8–16:3.)

      On July 7, 2022, the West Jordan Police Department arrested Mr. Fraga. (ECF No. 38 at 4.) An officer saw a car parked in the parking lot of an apartment complex with the windows rolled down and approached it. (Id.) The officer saw a man—later identified as Mr. Fraga—sitting in the driver's seat and began speaking to him, before noticing the smell of marijuana coming from the car and seeing a marijuana pipe in the car. (Id.) After Mr. Fraga denied that he had a medical marijuana card, the officer told Mr. Fraga that he was going to be detained and started searching Mr. Fraga's car. (Id. at 5.) From the search, the officer found two marijuana pipes, a bag of marijuana, and a small bag of cocaine in the car's center console, as well as a black bag that contained 7.8 grams of baking soda, Mr. Fraga's identification, a scale with drug residue, $1230 in bundles, a spoon with drug residue and burnt charred markings on it, and a

5

loaded firearm.  (Id.; see also ECF No. 44 at 20:24–24:14.)  Following Mr. Fraga's arrest, the West Jordan Police Department got a tracking warrant for Mr. Fraga's car.  (ECF No. 44 at 25:25–26:4, 47:8–10.)  The federal government then arrested Mr. Fraga on October 19, 2022.  (See ECF No. 38 at 1.)[2]

On October 19, 2022, Mr. Fraga had exchanged text messages with Officer Sullivan, a detective working in an undercover capacity by posing as someone seeking to buy drugs from Mr. Fraga.  (See ECF No. 44 at 16:4–25.)  Officer Sullivan told Mr. Fraga that he was "trying to get a half 700."  (Id. at 17:23–24.)  Special Agent Rhinehart interpreted this message as Officer Sullivan asking Mr. Fraga if he could buy a half ounce of cocaine from him for $700.  (See id. at 18:1–7.)  Officer Sullivan elaborated on what he wanted by telling Mr. Fraga "that he [was] seeking to buy drugs that he will then cut and get more money for[.]"  (Id. at 19:10–12.)  Mr. Fraga asked Officer Sullivan multiple times where the two of them met (see id. at 18:10–11, 19:16–18) but he ultimately said yes to Officer Sullivan—so long as Officer Sullivan paid him up front.  (See id. at 19:16–20:19 ("[Special Agent Rhinehart] interpreted [the messages to mean] that he's agreeing to do the deal.  He's just got to wait until his supplier gets off.").)  Though the deal did not occur, the texts support that on October 19, 2022, Mr. Fraga planned to purchase drugs that he intended to sell.

Mr. Fraga has since admitted that on July 7, 2022, he knowingly possessed a firearm, he had previously been convicted of a felony and knew this, and the firearm moved in interstate or foreign commerce before the defendant possessed it.  (ECF No. 34 at 1.)  Mr. Fraga has several prior convictions for drug offenses in state and federal court.  (See ECF No. 38 at 9–13 (listing,

---

[2] The court assumes that Mr. Fraga was released after the state arrested him.  (See ECF No. 38 at 1–2 (stating that Mr. Fraga went into custody after his initial appearance in federal court).)

among others, a prior federal conviction from April 28, 2011, for Possession of Cocaine with Intent to Distribute in violation of 21 U.S.C. § 841(a)(1)).)

## ANALYSIS

The Sentencing Guidelines call for a four-level increase above the base offense level if a defendant "used or possessed any firearm or ammunition in connection with another felony offense …." USSG § 2K2.1(b)(6)(B); see also United States v. Sanchez, 22 F.4th 940, 941 (10th Cir. 2022) ("[A] district court should increase a defendant's base offense level by four levels if the defendant [1] possessed any firearm or ammunition [2] in connection with [3] another felony offense.") (citation omitted). Mr. Fraga disputes possessing the firearm in connection with another felony offense. (See ECF No. 45 at 5–8.) He previously admitted possessing the firearm on July 7, 2022. (See ECF No. 34 at 1.)

USSG § 2K2.1 Application Note 14(A) provides that the "in connection with" element is met "if the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense[.]" "[P]ossession of a firearm may facilitate an offense by emboldening the possessor to commit the offense." United States v. Justice, 679 F.3d 1251, 1255 (10th Cir. 2012). The enhancement applies "in the case of a drug trafficking offense in which a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia." USSG § 2K2.1 Application Note 14(B)(ii). Furthermore, in determining whether this enhancement applies, "the court must consider the relationship between the instant offense and the other offense[.]" USSG § 2K2.1 Application Note 14(E).

The government must prove facts justifying the application of a sentencing enhancement. In the Tenth Circuit, the government must make this showing by "a preponderance of the evidence, even where a contested fact has a significant impact on the sentence." United States v.

Adams, 846 F. App'x 653, 658 (10th Cir. 2021) (citing United States v. Robertson, 946 F.3d 1168, 1171–72 (10th Cir. 2020), cert. denied, 141 S. Ct. 398 (2020)). The government has met its burden here.

Based on the evidence presented, it is more likely than not that Mr. Fraga possessed the firearm in connection with another felony offense. Mr. Fraga concedes that the government has presented evidence that may support a finding that Mr. Fraga was distributing cocaine in March through May 2022, and that he was willing to distribute cocaine in October 2022. (See ECF No. 45 at 6.) Relying on the text conversations that the government presented at the evidentiary hearing, the court agrees. But it also finds that the evidence presented supports that Mr. Fraga was engaged in felony offenses on July 7, 2022, including drug trafficking and simple possession of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 844(a). Notably, on that day, a search of Mr. Fraga's car resulted in items consistent with both offenses. The small amount of cocaine, considered with the other items found (a scale with drug residue, a loaded firearm, $1230 in cash bundles, 7.8 grams of baking soda, and a charred spoon with drug residue) and Mr. Fraga's history of drug dealing in the months before and after July 7, 2022, support that Mr. Fraga was engaged in drug trafficking.[3] See United States v. Waterbury, 206 F. App'x 805, 810 (10th Cir. 2006) (holding that intent to distribute can be inferred from several factors accompanying possession, including "the presence of firearms (as common tools of the trade)" and "the presence of large sums of money"); see also United States v. Bunner, 134 F.3d 1000, 1006 (10th

---

[3] The "small residual amount of cocaine" could be "consistent with what is left over after selling[,]" (ECF No. 44 at 35:10–14), in addition to using. (See id. at 33:1–14 (explaining that evidence suggests Mr. Fraga was using drugs).) And the amount of baking soda found is consistent with "rip[ping] somebody off or us[ing] [it] to dilute some cocaine and make crack," to sell or for personal use. (Id. at 22:8–12.) In Special Agent Rhinehart's time in Utah, he has dealt with many crack distribution cases. (See id. at 28:2–10.)

Cir. 1998) (holding that enhancement applied in defendant's case when 72 hours after police made a controlled purchase of methamphetamine from a male in defendant's residence, police executed search warrant on defendant's residence and found "methamphetamine, items consistent with drug distribution, and various [loaded] firearms" in defendant's bedroom).

Even if Mr. Fraga was not drug trafficking, Mr. Fraga was more likely than not violating 21 U.S.C. § 844(a) given his possession of cocaine and prior convictions for federal and state drug offenses. See United States v. Serna, 405 F. Supp. 3d 1107, 1112 (D.N.M. 2019) (reviewing cases where courts have applied the enhancement where a defendant committed only a felony drug possession offense and possessed a firearm).

Because the firearm was "in close proximity to the drugs … the presence of the firearm ha[d] the potential of facilitating another felony offense." Justice, 679 F.3d at 1255 (affirming application of enhancement where a defendant's possession of firearms facilitated or had the potential of facilitating his possession of methamphetamine because the defendant was "carrying methamphetamine on his person … [t]he firearms were within easy reach, and they were loaded"); see also USSG § 2K2.1 Application Note 14(B). But "[a] firearm can embolden the actor to [merely] possess the drugs or provide the actor protection for himself and his drugs, which are likely to be personally valuable even in small amounts." United States v. Jenkins, 566 F.3d 160, 163 (4th Cir. 2009) (emphasis added). Furthermore, the Tenth Circuit has affirmed a district court's finding that a "firearm had the potential to facilitate the commission of a drug felony because [the defendant] carried the handgun—loaded and ready to use—in public while also in the possession of … drugs." United States v. Tobanche, 643 F. App'x 781, 783 (10th Cir. 2016). Even if the loaded firearm in Mr. Fraga's possession belonged to Ms. Perez, the firearm

9

was found in Mr. Fraga's car in a bag with Mr. Fraga's identification and other items that he does not contest belonged to him.

## CONCLUSION

Because the evidence supports a finding that Mr. Fraga more likely than not possessed the firearm in connection with at least two other felony offenses, the court will apply the four-level enhancement to Mr. Fraga's sentence.

DATED this 9th day of February, 2024.

BY THE COURT:

*Tena Campbell*
_____
TENA CAMPBELL
United States District Judge
